UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| URSULA SCOTT, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )   No. 2:25-cv-00101-LEW |
| | ) |
| BLUE MANTIS, INC., | ) |
| | ) |
|     Defendant | ) |

**ORDER ON MOTION TO STRIKE PLAINTIFF'S JURY DEMAND**

Ursula Scott brings state and federal civil rights claims against her former employer, Blue Mantis, Inc.[1] First Amended Complaint (FAC) (ECF No. 4) ¶¶ 67-102. Scott made a jury demand in her FAC, and this matter is now before the Court on Blue Mantis's motion to enforce a jury waiver provision of Scott's employment agreement by striking the jury demand from the FAC. Motion (ECF No. 22). For the reasons that follow, the motion is granted, and the jury demand is stricken from the complaint.[2]

## I. Background

On April 9, 2025, Scott filed her FAC alleging violations of the Civil Rights Act of 1866, *see* 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C § 2000e-2; and the Maine Human Rights Act, *see* 5 M.R.S.A. §§ 4551-4634.

---

[1] Although Scott was originally employed by GreenPages, Inc., that company is now doing business as Blue Mantis, Inc. FAC ¶ 4-7. For clarity, I will refer to the employer as the company name listed in the complaint's caption, i.e., Blue Mantis.

[2] A motion to strike a jury trial demand is non-dispositive. *See, e.g., Deslauriers v. Chertoff*, No. 07-184-B-W, 2009 WL 3418525, at *1 n.1 (D. Me. Oct. 20, 2009).

FAC ¶¶ 67-102. Scott also demanded "a trial by jury on all issues triable of right by jury." FAC ¶ 21; Fed. R. Civ. P. 38(b). Blue Mantis answered the FAC on May 22, 2025, and with respect to the jury demand, stated that "[n]o response was required." Answer (ECF No. 6) ¶ 21.

On August 11, 2025, Blue Mantis filed a motion to strike Scott's jury demand, attaching an employee agreement signed by Scott on September 19, 2022, which included the following waiver of the right to a jury trial:

> In recognition of the higher costs and delay which may result from a jury trial, the parties hereto waive any right to trial by jury of any claim, demand, action or cause of action (a) arising hereunder, or (b) in any way connected with or related or incidental to the dealings of the parties hereto or any of them with respect hereto, whether now existing or hereafter arising, and whether sounding in contract or tort or otherwise; and each party further waives any right to consolidate any such action in which a jury trial has been waived with any other action in which a jury trial cannot be or has not been waived; and each party hereby agrees and consents that any such claim, demand, action or cause of action shall be decided by court trial without a jury, and that any party hereto may file an original counterpart or a copy of this paragraph with any court as written evidence of the consent of the parties hereto to the waiver of their right to trial by jury.

Employment Agreement (ECF No. 22-1) ¶ 14.

In its motion to strike, Blue Mantis wrote that prior counsel "included a jury trial demand in his responsive pleading," which Blue Mantis sought to withdraw. Motion at 1 n.1. Scott's response to the motion also references Blue Mantis's answer as "expressly demanding a jury trial on all claims." Response (ECF No. 23) at 7. However, neither party cites the specific portion of the answer containing the jury demand, and a review of the answer shows no such independent demand. *See generally* Answer. Instead, the only references to a jury trial in the answer are the

2

restatement of the title of Scott's FAC, namely, "Complaint and Demand for Jury Trial Injunctive Relief Sought," and the statement that paragraph twenty-one of the FAC "merely contain[s] Plaintiff's Jury Trial Demand." *Id.* at 1, 5, 19. Therefore, the posture of the motion to strike is as follows: Scott demanded a jury trial in her FAC; Blue Mantis answered without affirmatively demanding a jury and without raising the contractual jury waiver in response to Scott's jury demand; and just under three months later, Blue Mantis filed a motion to strike the jury demand after reviewing the employment agreement.

## II.  Discussion

### A.  Waiver of the Waiver

Scott opposes Blue Mantis's motion to strike by arguing that the company waived its right to assert the contractual jury waiver for two reasons. First, Scott argues that Blue Mantis was required to raise the contractual provision in its answer; otherwise, it was waived. *See* Response at 6-7. Scott, however, points to no authority supporting the proposition that Blue Mantis must plead the contractual jury waiver defense or lose it under Fed. R. Civ. P. 8(c).[3] A contractual jury waiver is not akin to a traditional affirmative defense that must be pled in the answer. *See Dawson v. Assured Partners, NL, LLC*, No.: 1:17-cv-00676, 2021 WL 1854884, at *11 (S.D. Ohio May 10, 2021) ("The Court finds that Federal Rule of Civil Procedure 39 applies, and Rule 39(a)(2) does not establish a deadline for the filing of a motion to strike the

---

[3] This Court has previously held that a numbered paragraph in a complaint demanding a jury trial is not an "allegation asserted against the defendant that [it] must admit or deny for the purposes of Rule 8(b)(1)(B)." *Sebunya v. Holder*, No. 2:12-cv-67-GZS, 2012 WL 5993160, at *3 (D. Me. Nov. 30, 2012) (cleaned up).

3

jury demand."); Fed. R. Civ. P. 39(a)(2) ("The trial on all issues so demanded must be by jury unless . . . the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial."). Because Federal Rule of Civil Procedure 39 governs motions to strike a jury demand as opposed to Rules 8 ("General Rules of Pleading") and 12 ("Defenses and Objections"), Blue Mantis did not waive the contractual jury waiver by failing to plead it in the answer.

      Second, Scott argues that Blue Mantis waived the provision by failing to raise it in a timely manner, which was inconsistent with the contractual right. Again, it did not. In *United States v. JMG Excavating & Const. Co., Inc.*, this Court addressed a similar situation and determined that "[t]he motion to strike is not untimely, having been brought before the trial date." No. 03-134-P-S, 2005 WL 1412445, at *5 (D. Me. May 24, 2005); *see also* Fed. R. Civ. P. 39 (setting no deadline for filing a motion to strike). In doing so, the Court relied on *Luis Acosta, Inc. v. Citibank, N.A.*, which analyzed differences between enforcing a jury waiver and an arbitration agreement. 920 F. Supp. 15, 17 (D.P.R. 1996). The Court highlighted that "it is contradictory and an abandonment to litigate in court while possessing an arbitration defense. However, the same reasoning is not applicable to a jury waiver since, whether the case be held before a judge or a jury, all pretrial proceedings take place in court." *Id.* Therefore, until the holder of the jury waiver acts contrary to that right, neither party is prejudiced because litigation proceeds in the normal fashion. Blue Mantis has not acted inconsistently with the contractual provision by raising it three months into the litigation because such a slight delay affects neither the course

of the case nor the viability of the contractual right. Accordingly, the motion to strike is timely.

### B. Enforceability

The next issue is whether state or federal law governs the enforceability of the jury waiver. Blue Mantis primarily cited state law concerning arbitration agreements to enforce the contractual jury waiver. *See* Motion at 4-6. This reliance stems from the employment agreement's choice of law provision stating that it "shall be construed under and be governed in all respects by the laws of the State of Maine, without giving effect to the conflict of laws provisions of Maine law." Employee Agreement ¶ 14. However, federal law governs the enforceability of a jury waiver, as the right derives from the Seventh Amendment to the United States Constitution. *See Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 222 (3d Cir. 2007) ("Federal courts apply federal law in determining whether a contractual jury trial waiver is enforceable."); *Med. Air Tech. Corp. v. Marwan Inv., Inc.*, 303 F.3d 11, 18 (1st Cir. 2002) ("In a diversity jurisdiction suit, the enforcement of a jury waiver is a question of federal, not state, law."). Under federal law, there is "a presumption against denying a jury trial based on waiver, and waivers must be strictly construed." *Med. Air Tech. Corp.*, 303 F.3d at 18. Despite this presumption, contractual jury waivers will be enforced if (1) they are entered into knowingly and voluntarily, and (2) the plain language of the jury waiver unambiguously covers the claims asserted.[4] *Id.* at 18-19.

---

[4] Even if I applied the Maine standard for waiver, the contractual provision would still be enforceable because the Maine analysis centers on the knowing and voluntary relinquishment of a right, i.e., the

The inquiry into whether the jury waiver was knowing and voluntary is a fact-based one and requires a totality of the circumstances analysis. *Neuro-Rehab Associates, Inc. v. AMRESCO Commercial Fin., L.L.C.*, No. CIVA 05-12338-GAO, 2006 WL 1704258, at *6 (D. Mass. June 19, 2006) (quoting *Medical Air Tech.*, 303 F.3d at 19 n.4). Relevant factors include the waiving party's education and business experience, the parties' roles in determining waiver terms, the agreement's clarity, the time allowed for contemplation, legal representation, and consideration offered. *Id.*

Here, the relevant factors and supporting evidence point to a knowing and voluntary waiver.[5] Scott holds a doctorate in Leadership for Higher Education and worked in education for over twenty years before transitioning to business for more than ten years. FAC ¶ 23. She was hired by Blue Mantis as a Talent Acquisition and Development Partner with broad responsibilities, including developing frameworks for attracting and retaining employees, indicating a familiarity with the hiring process and associated agreements. *See id.* ¶¶ 24-27. Scott's education and work history demonstrate that she is a sophisticated party to the employment agreement. *See id.* ¶¶ 23-27.

---

same as the federal standard. *See, e.g.*, *Interstate Indus. Unif. Rental Serv., Inc. v. Couri Pontiac, Inc.*, 355 A.2d 913, 919 (Me. 1976) ("A waiver is a voluntary or intentional relinquishment of a known right and may be inferred from the acts of the waiving party." (cleaned up)).

[5] The First Circuit has not spoken regarding which party has the burden of proving whether or not a contractual jury trial waiver was entered into knowingly and voluntarily. *See Doelger v. JPMorgan Chase Bank, N.A.*, No. 21-11042-AK, 2024 WL 38743, at *2 n.3 (D. Mass. Jan. 3, 2024). At least one Court, however, has stated that the party seeking to enforce the contractual jury waiver has the burden of demonstrating that the provision is enforceable. *Id.* (citing *Luis Acosta, Inc.*, 920 F. Supp. at 18). Regardless of which party carries the burden, the record before the Court shows that the jury waiver provision in the employment agreement between Scott and Blue Mantis is enforceable.

Turning to the structure of the agreement itself, it consists of five pages with fourteen discrete paragraphs, including an acknowledgement clause confirming that the signatory understands the agreement's effect on their rights and has read it carefully. Employee Agreement at 1-5. The record indicates the employment agreement was a stand-alone document that, while relatively comprehensive for its length, is not overly complex for a partner-level employee such as Scott to comprehend. Furthermore, although the jury waiver appears under the paragraph titled "Governing Law," combining governing law and jury waiver provisions in a single paragraph is not unreasonable when the overall provision is still succinct and clear. *See* Employee Agreement ¶ 14.

Scott argues that she could not have knowingly or voluntarily waived her jury right because the language was "buried amid boilerplate" without bold and conspicuous lettering, that there was no opportunity to consult counsel, and that the agreement was offered on a take it or leave basis. Response at 9-10. However, a jury waiver need not be set forth in bold and conspicuous lettering to be enforceable. *See, e.g.*, *Leasing Serv. Corp. v. Crane*, 804 F.2d 828, 833 (4th Cir. 1986) (affirming the enforceability of a jury waiver that was "in the ninetieth line of print and . . . in the middle of a thirty-eight line paragraph"). Nor does it need to be negotiable. *See Seaboard Lumber Co. v. United States*, 903 F.2d 1560, 1564 (Fed. Cir. 1990) ("The bare fact that the contracts in question are 'take it or leave it' offers by the government is not controlling on the dispute resolution provision's validity . . . ."); *Winiarski v. Brown & Brown, Inc.*, No. 5:07-cv-409-Oc-10GRJ, 2008 WL 1930484,

at *2 (M.D. Fla. May 1, 2008) ("The mere fact that an employee signs an employment agreement containing a jury trial waiver in a 'take it or leave it' situation does not make the waiver unenforceable or unconscionable.").

Moreover, the waiver appears in a three-sentence paragraph totaling 241 words, most of which describe the jury waiver rather than the governing law. Employment Agreement ¶ 14. The waiver is not hidden in fine print, so Scott would be able to locate and understand its contents, *see id.*, and there was consideration in exchange for the waiver as it was a condition of accepting employment with the company, Scott Affidavit (ECF No. 23-1) ¶¶ 2-3, 8. Therefore, considering the parties' sophistication, the agreement's simplicity, and the general enforceability of employment agreements offered as a condition of employment, I conclude that this waiver is enforceable.

Because the waiver is enforceable, I now turn to its plain language to determine if it applies to the claims here. *See Med. Air Tech. Corp.*, 303 F.3d at 18; *Brackett v. Middlesex Ins. Co.*, 486 A.2d 1188, 1190 (Me. 1985) ("The court must interpret unambiguous language in a contract according to its plain and commonly accepted meaning."). The waiver covers "any claim, demand, action or cause of action (a) arising hereunder, or (b) in any way connected with or related or incidental to the dealings of the parties hereto . . . , whether now existing or hereafter arising, and whether sounding in contract or tort or otherwise." Employment Agreement ¶ 14. This broad language is clear. Even applying "every reasonable presumption against waiver," *Aetna Ins. Co. v. Kennedy ex rel. Bogash*, 301 U.S. 389, 393 (1937), the

provision encompasses Scott's claims, which are at minimum "connected with or related or incidental to the dealings of the parties," as they arise out of the employment relationship. Employment Agreement ¶ 14. Therefore, because I find that the waiver's plain language is clear and encompasses the claims, Scott's argument to the contrary is unavailing.

### III. Conclusion

For the foregoing reasons, the Motion to Strike is **GRANTED**, and the jury demand is **STRICKEN** from the First Amended Complaint.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.*

Dated: March 2, 2026

/s/ Karen Frink Wolf
United States Magistrate Judge